IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| VONNETTA BENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:12-cv-379-MEF |
| v. | ) | |
| | ) | (WO – Do Not Publish) |
| SAMLIP ALABAMA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Plaintiff has recently filed two motions in this case. Now before the Court are Plaintiff's Motion for Extension of Time (Doc. #29) and Plaintiff's Motion to Correct Document 29 and Substitute Motion to Postpone Discovery or Extend Response Time (Doc. #30). In the latter motion (Doc. #30), Plaintiff makes two distinct requests. Plaintiff's first request is that Doc. #30 be substituted for Doc. #29, which this Court construes as a motion to strike Plaintiff's Motion for Extension of Time (Doc. #29) from the record as a filing error. Plaintiff's second request is for an extension of time to respond to Defendant's discovery requests.

Plaintiff's second motion (Doc. #30) alerts the Court that the parties have failed to comply with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure, as directed by United States Magistrate Judge Wallace Capel, Jr.'s Order dated May 23, 2012. (Doc. #11.) Rule 26(f) requires that the parties hold a conference to develop a **joint** proposed discovery plan and submit to the Court a report outlining the joint discovery plan within

fourteen days of the parties' conference. No such report has been filed with the Court as of this date.[1]

The parties are hereby reminded of their obligation, imposed by Rule 26(f) of the Federal Rules of Civil Procedure, to confer and to develop a proposed discovery plan. The Rule 26(f) report containing the discovery plan shall be filed as soon as practicable but not later than **December 3, 2012**.

The longstanding practice in this district is that dispositive motions shall be filed no later than 90 days prior to the pretrial date. If the parties seek to vary from that schedule, they should present, in the plan, specific case related reasons for the requested variance. In their Rule 26(f) report, however, the parties should assume that the 90-day requirement will apply.

This case will be set for trial before the undersigned judge during one of that judge's regularly scheduled civil trial terms. The pretrial date is normally set within four to six weeks of a scheduled trial term. The dates of each judge's civil trial terms are available on the court's website located at www.almd.uscourts.gov in the civil case information section.

This Court may or may not hold a scheduling conference before issuing a scheduling

---

[1] The Court is aware that Defendant has filed a Proposed Report of Parties' Planning Meeting on June 13, 2012 (Doc. #14) ("Proposed Report"), in which Defendant proposed discovery deadlines but alerted the Court that a Rule 26(f) planning conference had not been held in this case due to Plaintiff's failure to respond to Defendant's efforts to develop a joint discovery plan. However, because no planning conference was held between the parties and the Proposed Report was submitted solely on behalf of Defendant without any input or consent from Plaintiff, the Court finds the Proposed Report is insufficient to accomplish the goals of Rule 26(f). Thus, no scheduling order will be entered upon consideration of it.

order. If the court holds a scheduling conference, counsel may participate in the scheduling conference by conference call.

The scheduling order entered by the Court will follow the form of the Uniform Scheduling Order adopted by the judges of this court. The Uniform Scheduling Order is also available on the court's website.

The report of the parties should comply with Form 52 of the Appendix of Forms to the Federal Rules of Civil Procedure.

Given that no scheduling order has been issued by this Court, the discovery deadlines in this case have yet to be set. Accordingly, it is hereby ORDERED that Plaintiff's Motion to Correct Document 29 and Substitute Motion to Postpone Discovery or Extend Response Time (Doc. #30) is GRANTED in part and DENIED in part. It is GRANTED to the extent that this Court construes it as motion to strike Plaintiff's Motion for Extension of Time (Doc. #29) from the record as a filing error, but DENIED as MOOT to the extent that it requests an extension of time to respond to Defendant's discovery requests.

The Clerk of Court is hereby directed to STRIKE Plaintiff's Motion for Extension of Time (Doc. #29) from the record, as it was filed in error.

DONE this the 5th day of November, 2012.

                                                  /s/ Mark E. Fuller
                                      UNITED STATES DISTRICT JUDGE