IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| VONNETTA BENSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAMLIP ALABAMA, LLC, )<br>)<br>Defendant. ) | CASE NO. 3:12-cv-379-MEF<br>(WO – Do Not Publish) |

**ORDER**

On December 3, 2012, Connie J. Morrow filed a Motion to Withdraw as counsel for Plaintiff Vonnetta Benson (Doc. #34). In its Order of December 6, 2012 (Doc. #35), the Court set that motion for a telephonic status conference to be held on December 20, 2012, at 9:00 A.M.

Later in the day on December 6, 2012, Ms. Morrow filed a motion requesting that the Court continue the December 20, 2012 status conference due to a conflict with a previously set trial date in another of her cases. (Doc. #36). Ms. Morrow's motion for a continuance of the status conference also requested that the Court reconsider the necessity of a status conference on her motion to withdraw and grant her motion to withdraw without prejudice. (*See* Doc. #36.) In its Order dated December 14, 2012, the Court granted a continuance of the telephonic status conference and rescheduled the motion for a hearing to be held on January 10, 2013,[1] at 9:00 a.m. in Courtroom 2A, United States Courthouse, One Church

---

[1] In the order scheduling the hearing, the Court mistakenly scheduled the hearing date for "January, 10, 2012" instead of "January 10, 2013." To clarify any confusion that the hearing was indeed taking place on January 10, 2013, the Court contacted all counsel by telephone on January 9, 2013, to confirm the hearing date. Because the Court did not have a phone number for Plaintiff

Street, Montgomery, Alabama.

On January 10, 2013, at 9:00 A.M., all relevant parties except Ms. Morrow appeared in Courtroom 2A. After the courtroom deputy placed calls to Ms. Morrow's office and to her legal assistant, Ms. Morrow appeared before this Court at 10:20 A.M., one hour and twenty minutes late. Ms. Morrow was given an opportunity to explain her absence, and she was unable to tender any reasonable explanation for her willful disregard of the Court's December 14, 2012 Order setting the time of the hearing for 9:00 A.M.

It is well-settled that courts have the "inherent power to enforce compliance with their lawful orders through civil contempt." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). A finding of civil contempt must be supported by clear and convincing evidence establishing that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; (3) the alleged violator had the ability to comply with the order. *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000). In other words, the clear and convincing evidence must show that a court order required certain conduct and that the party facing contempt did not comply with that order. *Citronelle-Mobile Gathering*, 943 F.2d at 1301.

Because Ms. Morrow has failed to offer any reasonable excuse for her willful disregard of this Court's authority, the Court finds by clear and convincing evidence that

---

Vonnetta Benson, the Court instructed Ms. Morrow to get in touch with Ms. Benson to clarify the hearing date.

-2-

Connie J. Morrow is in civil contempt of the Court's Order of December 14, 2012.

In light of these findings, and to remedy the time wasted by Ms. Morrow's absence at the hearing, the Court will allow Ms. Morrow to purge herself of civil contempt by paying an attorney fee assessment to the Clerk of Court in the amount of $212.80 by 5:00 P.M. on Friday, January 11, 2013. This fee assessment was calculated according to the hourly rate of Defendant's counsel Joesph E. Stott—$160.00 per hour—and the time Mr. Stott waited in the courtroom for Ms. Morrow to appear—one hour and twenty minutes. This amount will be paid to Mr. Stott and his law firm. The Court has informed Ms. Morrow that if she fails to purge herself of civil contempt by paying the attorney fee assessment, the Court will schedule a criminal contempt hearing on this matter.

In accordance with the foregoing, it is hereby ORDERED that:

1. Connie J. Morrow is DIRECTED to pay an attorney fee assessment to the Clerk of Court in the amount of $212.80 **by 5:00 P.M. on Friday, January 11, 2013**.

2. The Clerk of Court is DIRECTED to send payment of the attorney fee assessment in the amount of **$212.80** to Defendant's counsel Scott, Sullivan, Streetman & Fox, P.C., Attention: Joseph Elliott Stott, P.O. Box 380548, Birmingham, Alabama 35238-0548.

3. Connie J. Morrow is DIRECTED to certify to the Court no later than **January 11, 2013**, that she has paid the fee assessment.

DONE this the 10th day of January, 2013.

                                           /s/ Mark E. Fuller
                                   UNITED STATES DISTRICT JUDGE