IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| VONNETTA BENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:12-cv-0379-MEF |
| | ) | (WO – Do Not Publish) |
| SAMLIP ALABAMA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Samlip Alabama, LLC's ("Samlip" or "Defendant") Motion to Dismiss (Doc. #13). Within the Motion, Defendant argues that the Complaint does not meet the pleading requirements of Rule 8(a) as set forth in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). For the reasons that follow, the Court finds that the Motion is due to be GRANTED IN PART and DENIED IN PART.

### I. JURISDICTION AND VENUE

The Court has subject-matter jurisdiction over this case under 28 U.S.C § 1331 (federal question). The parties do not contend that the Court lacks personal jurisdiction over them, nor do they dispute that venue is proper under 28 U.S.C. § 1391(b).

### II. MOTION TO DISMISS STANDARD

A motion to dismiss tests the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). It does not delve into disputes over the proof of the facts alleged—such a crucible

is reserved for the summary judgment stage. With this in mind, the Court accepts as true all well-pled factual allegations in the complaint, viewing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). The Court will grant a motion to dismiss "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

A motion to dismiss also requires compliance with some minimal pleading standards. Indeed, although a plaintiff's complaint generally need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), the plaintiff must still allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Moreover, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 559. Nor does it suffice if the pleadings merely leave "open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 561.

## III. DISCUSSION

**A.      42 U.S.C. § 1983 Claims**

To the extent Plaintiff Vonnetta Benson ("Plaintiff") attempts to assert claims pursuant to 42 U.S.C. § 1983 against Defendant, a private employer, such claims are due to be dismissed. In order "[t]o establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting *under color of state law*." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (emphasis added) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Defendants acting under color of state law are "clothed with the authority of state law," *West*, 487 U.S. at 49 (citations omitted), and their "deprivation of a federal right [must] be fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).

Plaintiff's Complaint (Doc. #1) alleges neither state action, nor any constitutional violations by a person acting *under color of state law*. The Complaint alleges that Samlip, a private corporation, deprived Plaintiff of her due process rights and engaged in age and race discrimination, but it does not allege that Defendant was a state actor.[1] "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct,

---

[1] "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). To find Defendant is a state actor, this Court must find that: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) 'the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]' ('nexus/joint action test')." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *NBC, Inc. v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1026–27 (11th Cir. 1988)). Plaintiff made no allegation of any state action on the part of Defendant that would fall under any of the exceptions to the general rule.

3

no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) (citations omitted). Accordingly, Plaintiff's claims against Defendant pursuant to 42 U.S.C. § 1983 claims are due to be dismissed.

**B.**   **Federal Due Process, 42 U.S.C. § 1981, and Title VII Claims**

With regard to these sections of the Motion, Defendant's arguments are well taken. Plaintiff's Complaint does not allege a property interest in her employment to establish a procedural due process claim. *See Bd. of Regents v. Roth*, 408 U.S. 564, 576 (1972) ("The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits."). The Complaint also fails to specifically set forth allegations in support of her § 1981 and Title VII age and race discrimination claims. However, Plaintiff's Complaint is not as far off as Defendant's motion makes it out to be. "The point [of the requirements of Rule 8] is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008). Defendant, through the filing of this Motion, demonstrates at least notice as to the claims; however, clarification is in order as to the specific grounds upon which the claims rest. While "a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case, . . . it must provide enough factual matter (taken as true) to suggest intentional race [and age] discrimination." *Id.* (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002); *Twombly*, 550 F.3d at 556) (internal quotation marks omitted).

The question, though, is whether dismissal is appropriate. Plaintiff filed the

4

Complaint *pro se*. After Defendant filed the instant Motion, Plaintiff retained counsel, who filed Plaintiff's Response to the Motion. (*See* Resp., Doc. #22.) Plaintiff, through counsel, then moved the Court to amend her Complaint. (*See* Doc. #28.) That request was denied with leave to re-file because Plaintiff failed to provide the substance of the amendment or include a copy of the proposed amendment. (*See* Order of December 21, 2012, Doc. #41.) Counsel for Plaintiff was then allowed to withdraw from this case on January 11, 2013, leaving Plaintiff *pro se*, and no amendment has been filed.

"When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice." *Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc)). Due to the requirement of 42 U.S.C. § 2000e-5(f)(1) that a civil action be filed in district court within ninety days of receipt of a right-to-sue letter from the EEOC, the effect of a dismissal at this point would be akin to a dismissal with prejudice.

In the interests of justice, the best course of action in this case is to deny the Motion to Dismiss as to the remaining claims and require Plaintiff to file an amended complaint as to these remaining claims that fully complies with Rule 8.[2]

### IV. CONCLUSION

For the foregoing reasons, it is hereby

---

[2] Amendment of any claims pursuant to 42 U.S.C. § 1983 is not proper, where the amendment would be futile. *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010).

ORDERED that the Motion to Dismiss (Doc. #13) is GRANTED as to any and all claims in the Complaint filed pursuant to 42 U.S.C. § 1983 (*see* Compl., Count 1, ¶ 18, Doc. #1) and DENIED as to all other claims.

Further, it is hereby

ORDERED that Plaintiff shall, **on or before April 9, 2013**, file an amended complaint that complies with her obligations under Federal Rule of Civil Procedure 8;

ORDERED that Defendant's Motion to Strike Plaintiff's affidavit and EEOC documents (Doc. #27) is DENIED as premature, with leave to refile upon Plaintiff's filing of an amended complaint.

DONE this the 26th day of March, 2013.

              /s/ Mark E. Fuller
              UNITED STATES DISTRICT JUDGE