IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| VONNETTA BENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:12-cv-0379-MEF |
| | ) | |
| SAMLIP ALABAMA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court are Defendant's Renewed Motion to Dismiss (Doc. 51) and Renewed Motion to Dismiss (Doc. 54). For the reasons that follow, it is the RECOMMENDATION of the undersigned that the Motions be granted.

**I.   DISCUSSION**

On March 26, 2013, the district judge entered an order dismissing "any and all claims in the Complaint filed pursuant to 42 U.S.C. § 1983" and requiring that "that Plaintiff shall, **on or before April 9, 2013**, file an amended complaint that complies with her obligations under Federal Rule of Civil Procedure 8." Order of Mar. 26, 2013 (Doc. 50) at 6 (emphasis in original). The district judge determined that rather than dismiss the Complaint, *pro se* Plaintiff should be allowed an opportunity to amend and bring the Complaint in conformity with Rule 8. Specifically, the district judge instructed that "clarification is in order as to the specific grounds upon which the claims rest[]" and that the amendment "'must provide enough factual matter (taken as true) to suggest intentional race [and age] discrimination.'"

*Id.* at 4 (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)).

Plaintiff failed to comply with the district judge's Order. Defendant then filed the first Renewed Motion to Dismiss. (Doc. 51). On April 16, 2013, the undersigned issued an Order directing Plaintiff to "**on or before April 23, 2013**, show cause as to why the motion should not be granted" and to show cause as to why she failed to comply with the Order of the court that she amend her complaint. Order of Apr. 16, 2013 (Doc. 52) (emphasis in original). The court notes that neither the Order of the district judge, nor the Order of this court were optional. That is, Plaintiff was directed that she "shall" amend her complaint, she "shall" show cause as to why Plaintiff's Motion should not be granted, and she "shall" show cause as to why she ignored the district judge's Order. Plaintiff has seen fit to ignore this court's Order that she respond to the Motion to Dismiss and explain why she ignored the district judge's Order, despite the court's warning that "***failure to comply with this order in a timely manner will result in the undersigned recommending dismissal of this action for abandonment of claims and failure to comply with the orders of the court.***" *Id.* (emphasis in original). It is clear to the undersigned that Plaintiff has no intent to prosecute this action or abide by the orders of the court.

Defendant requests this case be dismissed with prejudice due to Plaintiff's failures to abide by the court's orders. Defendant's request falls within the purview of Rule 41(b) of the Federal Rules of Civil Procedure. Because Plaintiff has clearly abandoned this action and

2

refuses to abide by the court's orders, despite the opportunities given and the warning for failure to abide, the court finds that a sanction lessor than dismissal with prejudice would be inadequate.  *See Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir.2006) ("Dismissal with prejudice is not proper unless 'the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct.'") (quoting *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir.2005). Further, "a dismissal under Rule 41(b) 'upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.'"  *Brutus v. Internal Revenue Service,* 393 F. A'ppx 682, 684 (11th Cir. 2010) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

**II.   CONCLUSION**

Accordingly, for the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that  Defendant's Renewed Motion to Dismiss (Doc. 51) and Renewed Motion to Dismiss (Doc. 54) be GRANTED and that this action be DISMISSED with prejudice.  It is further

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before May 21, 2013**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore,

it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  S*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 7th day of May, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE